[No. 6,032.—Department No. 2.]

## SULLIVAN v. BEARDSLEY.

EVICTION— DEFINITION—PENDENCY OF ACTION—JUDGMENT.—The defendant leased land to the plaintiff upon which there was a stream of water; and the next day, in an action commenced prior to the lease by the San José Water Company—in which, however, no notice of *lis pendens* had been filed—consented to a decree for the condemnation of the water, and the water company afterward appropriated the water of the stream. In an action for damages for the loss of the water, *held*, that, as the defendant's lease antedates the decree, and he had no notice, actual or constructive, of the pendency of the action, he was not affected by it; and that, as the defendant had not participated in the diversion of the water, or done anything beyond consenting to the entry of a decree against himself, which could not in any way affect the rights of the plaintiff, there was no eviction.

ID.—ID.—ID.—To constitute a partial eviction, in such a case as the one stated, it would be necessary for the plaintiff to show that the water company had established a right to divert the water by a title *prior* to that of the plaintiff, or that the defendant had at least had some agency in diverting it.

APPEAL from an order granting the defendant a new trial, in the Twentieth District Court, County of Santa Clara. BELDEN, J.

*D. M. Delmas*, for Appellant.

Assuming that the diversion of the water by the water company was, as against the plaintiff, a wrongful act, still the defendant by his agreement made himself a party to the tort, and is responsible for its consequences. (Waterman on Trespass, § 23, *et seq.*; *Wall* v. *Osborn*, 12 Wend. 40; *Rogers* v. *Ostrom*, 35 Barb. 523; *Dyett* v. *Pendleton*, 8 Cowen, 727; *Leadbeater* v. *Roth*, 25 Ill. 587; *Cohen* v. *Dupont*, 1 Sandf. 260; *Gilhooly* v. *Washington*, 4 N. Y. 217; *Halligan* v. *Wade*, 21 Ill. 470; *Wright* v. *Lattin*, 38 id. 293.) The consent judgment was merely the shape in which the parties embodied their private agreement, and it amounted to no more than the agreement put into authentic form. (*Union Bank* v. *Marin*, 3 La. An. 34.)

*D. W. Herrington*, for Respondent.

The eviction was by the San José Water Company. The plaintiff was not a party to the suit of the *Water Co.* v. *Beards-*

*ley*, and the lease of the plaintiff antedates the decree in that case. No *lis pendens* was filed. (Civ. Code, §§ 1213, 1214, 1215; Freeman on Judgments, §§ 154, 117; *Loomis* v. *Andrews*, 49 Cal. 239; *San Mateo Water-works* v. *Sharpstein*, 50 id. 284; Rawle on Cov. (4th ed.) pp. 133–5; Bigelow on Estoppel, pp. 12, 18.)

SHARPSTEIN, J. :

On the first day of November, 1874, the defendant leased the premises described in the complaint, with the appurtenances, to the plaintiff for the term of three years. At the time of the execution of the lease there was a stream of water running through the demised premises, and there was an action then pending which the San José Water Company had commenced for the condemnation of said water right. On the day following the execution of the lease, the defendant in that action, and in this, consented to the entry of a decree, in the action for condemnation, in favor of the water company, under which it appropriated the water of said stream to its own use. The plaintiff alleges that he was damaged thereby, and introduced evidence tending to prove that allegation. The issues were submitted to a jury, which returned a verdict in his favor. A new trial was moved for by the defendant upon a statement, and the Court granted the motion, on the ground " that the special circumstances under which the water was diverted from the leased premises did not constitute an eviction of the plaintiff by the defendant." The instructions given to the jury make it quite apparent that the Court, during the trial, thought otherwise. Among the instructions is the following : " When the eviction is partial, *as it was in this case*, and the lessee remains in the occupation of a portion of the demised premises, the measure of damages is the value of the premises as they would have been without the partial eviction, and then the value of them as evicted deducted." The Court in this instruction seems to have passed upon the principal issue in the case, and in so doing undoubtedly erred. But to our comprehension there is a graver difficulty to be overcome before a recovery could be upheld upon the facts of this case. The defendant does not appear to have participated in any act or proceeding for the diversion complained of, beyond

consenting to the decree of condemnation. As the plaintiff's lease antedates that decree, and he had no notice, actual or constructive, of the pendency of the action in which the decree was entered, he was not affected by it. The water company acquired no right to divert the water from the demised premises as against him. His property in the water was not condemned, and whoever proceeded under that decree to divest him of any right that he had acquired under the lease became liable to him for such damages as he might sustain by reason thereof. If the defendant had in any way participated in diverting the water he would doubtless be liable. But it does not appear that he did anything beyond consenting to the entry of a decree against *himself*, which could not in any way affect the rights or property of the plaintiff. It seems to us that the case is somewhat analogous to those cases in which a party recovers a judgment against one person, and then attempts to execute it against the property of another. We have never known it to be claimed in such a case that the party who suffered judgment to be entered against him would be liable for a trespass committed under it upon the property of some other person. For anything which appears to the contrary, the decree of condemnation might have been rightfully executed at the termination of the plaintiff's term. But there is nothing in the case from which we can infer that the defendant ever disturbed or licensed any one to disturb the plaintiff's enjoyment of the demised premises during the term for which they were leased to him. To constitute a partial eviction in this case it would be necessary for the plaintiff to show that the water company had established a right to divert the water by a title *prior* to that of the plaintiff, or that the defendant had at least had some agency in diverting it. And if the defendant did nothing beyond what he is charged with having done in this case, we are not aware of any principle upon which he can be held liable to the plaintiff in any form of action for the diversion of the water by a mere naked trespasser, who has assumed to take the plaintiff's property by virtue of a decree against the defendant. It therefore follows that the order granting a new trial must be affirmed.

Order affirmed.

MORRISON, C. J., concurred.

MYRICK, J., concurred in the judgment, upon the ground first stated in the foregoing opinion.